
RECEIVED
MAR 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Thomas Fielder, et al.

versus

Graco Children's Products, Inc.

Civil Action No. 6:04-CV-1715

Judge Tucker L. Melançon

Magistrate Judge Hill

## MEMORANDUM RULING

Before the Court is Defendant Graco Children's Products, Inc.'s (Graco) Motion for Summary Judgment [Rec. Doc. 34], Plaintiffs Thomas and Chad Fielder's (Fielder) Opposition [Rec. Doc. 37], and Defendant's Reply thereto [Rec. Doc. 40]. For the following reasons, Defendant's Motion will be denied in part and granted in part.

*I. Background*

On the morning of March 2, 2004, Angela Fielder and her twenty-month old twin daughters, Arielle and Michala, were involved in a fatal single car accident. (*Complaint*, ¶ 12). The accident occurred while Ms. Fielder was returning home from purchasing a gallon of milk at a local store, near the intersection of Prairie Hayes and Green Garden roads in Acadia Parish. (*Complaint*, ¶¶ 10-11). The weather was clear that day and the roadway was straight and dry. (*Complaint*, ¶ 11). At the time of the

1

accident, Angela Fielder was not wearing her seatbelt. (*Complaint*, ¶ 12). Although the parties disagree on Angela Fielder's exact speed at the time of the accident, the parties' experts agree however, that she was driving in excess of the posted 35 miles per hour speed limit. (*Defendant's Motion*, p. 7). Both Arielle and Michala Fielder were sitting in the backseat of Angela Fielder's 1997 BMW 528i, placed in Graco-manufactured ComfortSport Child Restraint seats.[1] (*Complaint*, ¶ 8). When Louisiana State Trooper Richard Parker first appeared on the accident scene, he found Angela Fielder dead on the roadway, Michala Fielder still strapped into her car seat with minor injuries, and Arielle Fielder near the road's shoulder.[2] (*Defendant's Motion*, Exhibit 1, p. 3). Upon investigation, Trooper Parker observed that the harness tie and the left prong of the crotch buckle on Arielle Fielder's car seat were unlatched. (*Id* at 5).

On August 16, 2004, Plaintiffs brought suit in this Court against Graco seeking damages pursuant to the Louisiana Products Liability Act, LA. REV. STAT. § 9:2800.51, *et seq.*, alleging that the ComfortSport's defective design and Graco's failure to warn of hazards associated with the use of the child restraint seat

---

[1] These car seats were purchased by the Fielders approximately two months prior to the accident. (*Complaint*, ¶ 8).

[2] Arielle died four days later from head injuries sustained from being ejected from the vehicle. (*Complaint*, ¶ 2).

proximately caused the complained of injuries.

Graco now argues on summary judgment that: (1) Plaintiffs cannot establish that the Fielder's deaths were proximately caused by a characteristic of the ComfortSport; (2) Plaintiffs cannot establish that the Fielder deaths arose from a reasonably anticipated use of the ComfortSport; and (3) Plaintiffs cannot establish that the warnings on the ComfortSport were inadequate. Plaintiffs contend that habit evidence, conclusions made by the investigating state troopers, and the findings of their expert are sufficient to establish that genuine issues of material fact exist.

*II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Law and Analysis

In their Complaint, Plaintiffs aver that Graco "designed, manufactured, assembled, sold, or otherwise placed in the stream of commerce" a defective child restraint seat.[3] (*Complaint*, ¶ 13). Plaintiffs further allege that Defendant is liable for

---

[3] Specifically, the Fielders aver that Graco defectively designed a child restraint seat which: 1.) "allows a child to exit the seat during use by undoing the chest clip and/or crotch buckle;" 2.) "allows a child to escape from the seat during normal use . . . when it is foreseeable that a child escaping the restraint seat will distract the driver and place all occupants of the vehicle at risk;" 3.) utilizes a double prong crotch buckle instead of a single prong; 4.) utilizes a two-piece chest clip instead of a one-piece clip; 5.) fails to provide buckle guards and/or chest guard clips to prevent children from escaping the seat; and 6.) fails to position the buckle and clip in a position where it could not be unlocked by a child during normal use. (*Complaint*, ¶ 13). Additionally, Plaintiffs aver that Graco negligently manufactured a child restraint seat "with a defective buckle which resulted in a false latching of the buckle and the opening of the buckle during the accident" and failed to "test

"failing to properly warn of the hazards associated with the use" of the ComfortSport car seat.[4] (*Id*).

Under the Louisiana Products Liability Act, a plaintiff bears the burden of proving that (1) the damages were proximately caused by a characteristic of the product that renders it unreasonably dangerous; and (2) the damages arose from a reasonably anticipated use of the product. See LA. REV. STAT. § 9:2800.54(A); *Kampen v. American Isuzu Motors, Inc.*, 157 F.3d 306, 309 (5th Cir. 1998). A product can be unreasonably dangerous in its construction or composition, in its design, because of an inadequate warning, or because of nonconformity to an express warranty. See LA. REV. STAT. § 9:2800.54(B).

## A. Causal Connection

Graco first argues that Plaintiffs cannot show a causal connection between the alleged defects and characteristics of the ComfortSport and the injuries sustained by Plaintiffs. Without the testimony of any competent, surviving witness, Defendant argues that Plaintiffs' case is based on assumptions and speculation that the accident

---

the Child Restraint Seat to evaluate the ability of children to escape." (*Amended Complaint*, Part II).

[4] Specifically, the Fielders allege that Graco failed to "recall this design when defendant knew or should have known that children were unbuckling and escaping from the Child Restraint Seat" and failed to "provide a warning to parents of what to do when a child escapes." (*Complaint*, ¶ 13; *Amended Complaint*, Part II).

5

occurred when Angela Fielder unbuckled her seat-belt, turned around, and attempted to re-buckle Arielle Fielder's harness tie, which had been unfastened by the toddler. (*Defendant's Motion*, p. 5). To rebut Defendant's Motion, Plaintiffs put forth habit evidence that Angela Fielder always wore her seatbelt (except when re-securing her daughters into their restraint seats) and that Arielle Fielder had mastered escaping her car seat. (*Thomas Fielder dep.*, pp. 28, 24-27; *Chad Fielder dep.*, pp. 39, 16-18).[5] Plaintiffs further offer: (a) observations and conclusions made by the responding Louisiana State Troopers (*Laney Bergeron dep.*, p. 25; *Defendant's Motion*, Exhibit 1, p. 5); (b) testimony from John Harcourt, Plaintiffs' expert, who compared pinch force levels between numerous Graco child restraint seats and concluded that the pinch force level required to open the harness tie on Arielle Fielder's ComfortSport was lower than other Graco models and below federal regulations (*Plaintiffs' Exhibit 21*, John Harcourt Report, p. A-9); (c) the absence of Graco pinch force test documentation for the ComfortSport model; and (d) testimony from John Harcourt, Plaintiffs' expert, who examined Arielle Fielder's restraint seat buckle and found evidence of a defect in the buckle (*Plaintiffs' Exhibit 21*, John Harcourt Report, p. A-8). As such, the Court finds that genuine issues of material fact exist. Accordingly,

---

[5] Under FRE 406, habit evidence is "relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

Defendant's Motion will be denied as it relates to causation.

*B. Reasonably Anticipated Use*

Next, Defendant argues on summary judgment that Plaintiffs cannot establish that, at the time of the accident, the ComfortSport Child Restraint seat was being used in a reasonably anticipated manner. Defendant urges the Court to qualify the Fielder's use of the ComfortSport as being reasonable or not, by factoring in that Angela Fielder was "driving a vehicle at a high speed without wearing a seatbelt while turned toward the backseat and using one or more hands to buckle a child into a child restraint." (*Defendant's Motion*, p. 8). Plaintiffs believe that Defendant's description of the restraint seat's use is too particularized and should instead be viewed as Angela Fielder's "reasonably anticipated response to a defect in the child seat." (*Plaintiffs' Opposition*, p. 19).

La. Rev. Stat § 9:2800.53(7) defines "reasonably anticipated use" as a "use or handling of a product that the products manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." In *Kampen v. American Isuzu Motors, Inc.*, the Fifth Circuit measured "use" of a product "at a level of generality that will take into account the risks [the manufacturer] must (or should) have contemplated when designing the [product] and providing warnings for its use." 157

7

F.3d 306, 309 (5th Cir. 1998). "Reasonably anticipated use" must be determined from the perspective of the manufacturer, Graco, who designed, tested, and marketed the ComfortSport, presumably for the purpose of protecting small children during automobile travel. *Id.*

The record shows that Thomas Fielder placed and fastened each daughter in their respective seats before leaving the house. (*Plaintiffs' Exhibit 5*, p. 2). After the accident, some of the buckles on Arielle Fielder's seat were fastened and Michala Fielder remained strapped into her seat. (*Defendant's Exhibit 1*, p. 5). These facts conflict with Graco's assertion that the Fielders were utilizing the ComfortSport restraint seats in an unanticipated fashion. As such, the Court finds that there remains genuine issues of material fact concerning whether the plaintiffs were using the ComfortSport Child Restraint seats in a manner that Graco "must (or should) have contemplated." *Kampen* at 311. Accordingly, Defendant's Motion as it relates to product use will be denied.

### C. Adequacy of Warnings

Lastly, Graco avers that Plaintiffs cannot establish that the warnings on the ComfortSport were inadequate because the dangers that the child restraint seat allegedly possessed were open and obvious, known by Plaintiffs, and warned of in

and on the cover of the ComfortSport Instruction Manual. The Fielders in turn rely on complaints of child escape from other users submitted to Graco to establish that an immediate recall should have been issued.[6] Louisiana law holds that:

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product. LA. REV. STAT. § 9:2800.57.

The statute further provides two exceptions to a manufacturer's duty to warn. First, a manufacturer is relieved of the duty to warn when, "the product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics." LA REV. STAT. § 9:2800.57(B)(1). This is commonly referred to as the "open and obvious danger" exception. See *Floyd v. Essex Ins. Co.*, 96 Fed. Appx. 238 (5th Cir. 2004). Second, a manufacturer is relieved of its duty to warn when, "the user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic." LA. REV. STAT. §

---

[6] Although LA. REV. STAT. § 9:2800.57 only requires the manufacturer of a dangerous product to "provide an adequate warning," at least one Louisiana appellate court has found product recall to be a satisfactory response. See *Brodtmann v. Duke*, 708 So.2d 447, 458 (La.App. 4 Cir. 2/11/1998).

9:2800.57(B)(2). As pointed out in Defendant's Motion, Thomas and Angela Fielder were aware of the dangers associated with operating a vehicle while their daughters were not properly secured. Thomas Fielder knew the children were capable of escaping the safety restraint seats. He understood this to put their safety in jeopardy. When asked why he considered Arielle Fielder's ability to undo her harness tie to be a problem, Thomas Fielder replied, "Because it was unsafe for a child to be unbuckled." (*Thomas Fielder dep.*, p. 27). Additionally, the Court, relying on common sense and proper motorist etiquette, finds that Graco had no duty to warn consumers of the open and obvious risks of driving while attempting to re-secure a child. Plaintiffs' claims that Graco failed to "provide a warning to parents of what to do when a child escapes" and failed to "properly warn of the hazards associated with the use of this Child Restraint Seat" are without merit, as Plaintiffs were aware of the risks and dangers and continued using the product. (*Amended Complaint*, Part II; *Complaint*, ¶ 13). The Court finds that Thomas and Angela Fielder knew of the dangers associated with driving an automobile occupied by an unsecured child. As such, the Court finds that Graco had no duty to instruct Plaintiffs as to how to respond to an escaped child, nor did Defendant have a duty to "warn of the hazards associated with the use of this Child Restraint Seat." (*Complaint*, ¶ 13).

Plaintiffs further allege that Graco acted negligently in failing to "recall this

design when defendant knew or should have known that children were unbuckling and escaping . . . during normal use." (*Complaint*, ¶ 8). They rely on LA. REV. STAT. § 9:2800.57(C), which provides:

> A manufacturer of a product who, after the product has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

In support of their position, Plaintiffs put forth twenty-six complaints submitted to Graco concerning a child's capacity to escape the ComfortSport. (*Plaintiffs' Exhibit* 16). Defendant challenges the admissibility of the reports, and depends again on the "open and obvious danger" exception.[7] The Court, however, recognizes a distinction between Graco's duty to warn of every conceivable danger and its duty to recall or otherwise notify consumers of a faulty product. As such, there remains genuine issues of material fact outstanding as to whether Defendant negligently failed to recall the ComfortSport Child Restraint seat. Accordingly, Defendant's Motion

---

[7] "Evidence of similar accidents might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338-39 (5th Cir. 1980). Evidence of similar incidents must also be substantially similar in time and detail, and satisfy a Federal Rules of Evidence Rule 403 balance test to be admissible. *Id.*

will be granted as it relates to the adequacy of escape reaction warnings and general hazard warnings; the Court will deny Graco's Motion in regards to the manufacturer's duty to adequately warn consumers that children were able to unbuckle and escape the restraint seat during normal use .

## IV. Conclusion

For the foregoing reasons, the Court finds that, based on the information contained in the record, Defendant has failed to show that no genuine issues of material fact exist concerning: (1) whether the Graco ComfortSport proximately caused Plaintiffs' injuries; (2) whether the Fielders were using the ComfortSport in a reasonably anticipated manner at the time of the accident; and (3) whether Graco had a duty to warn or recall the ComfortSport once it learned that children were able to escape. Additionally, the Court finds that Defendant had no duty to warn the Fielders of the risks associated with child escape nor did Graco have any duty to notify users of a proper response method. Accordingly, Defendant's Motion for Summary Judgment will be denied in part and granted in part.

COPY SENT
DATE 3.20.06
BY MJ
TO TLM
PJ